IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MICHAEL HENRI; GLASGOW,<br><br>                           Plaintiff,<br>      v.<br>STEPHEN E. SMITH,<br><br>                         Defendant. | <br><br><br><br><br><br>Case No. 3:12-cv-00081-SLG |

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Before the Court at Docket 23 is Defendant Stephen E. Smith's Motion for Summary Judgment. Plaintiff Michael Henri; Glasgow, representing himself, opposed at Docket 29 and Defendant replied at Docket 30. Oral argument was not requested and was not necessary to the Court's determination of this motion. For the reasons explained below, the motion will be granted.

### FACTUAL AND PROCEDURAL BACKGROUND

The facts, viewed in the light most favorable to Mr. Glasgow for purposes of this motion for summary judgment, are as follows:

On August 20, 2011, Mr. Glasgow was riding his bicycle on a bicycle path in Homer, Alaska.[1] He encountered a man, T.W., his son, and their three dogs. One of the dogs was leashed; the other two dogs were unleashed, in violation of local leash laws.[2]

---

[1] Docket 29-10 at 2.

[2] Docket 29-10 at 3 (Glasgow Aff.).

The record contains differing version of this encounter. As noted above, for purposes of this motion, the Court relies on Mr. Glasgow's facts. According to Mr. Glasgow, T.W.'s "three large out-of-control Labrador Retriever dogs" attacked him.[3] The leashed dog stretched its leash taut in front of his bicycle, blocking it.[4] In an "adrenalin rush," Mr. Glasgow then "defended his ankles with a small blade from the snapping, barking dogs, roared several times at [T.W.] to leash his dogs, and continued on his way."[5]

Mr. Glasgow does not dispute the following facts: T.W. and his son subsequently reported the incident to the Homer Police. Defendant Stephen Smith, an officer with the Homer Police Department, received a report from dispatch and contacted T.W. by cellphone. T.W. gave Officer Smith additional information about the incident. Officer Smith interviewed T.W. and his son at the police station later in the day.[6] A transcript of that interview is in the record and reflects that T.W. and his son told Officer Smith their version of the encounter with Mr. Glasgow.[7] Officer Smith arrested Mr. Glasgow on two counts of assault in the third degree, a felony, later that day at K-Bay Coffee Shop in

---

[3] Docket 29-1 at 1.

[4] Docket 29-1 at 1; Docket 29-10 at 3.

[5] Docket 29-1 at 1-2.

[6] Docket 24-5 at 2.

[7] Docket 24-3.

3:12-cv-00081-SLG, *Glasgow v. Smith*
Order Granting Motion for Summary Judgment
Page 2 of 12
Case 3:12-cv-00081-SLG   Document 32   Filed 08/07/13   Page 2 of 12

Homer.[8]  Officer Smith did not obtain an arrest warrant prior to the arrest.  The arrest was recorded.[9]

On August 26, 2011, a grand jury indicted Mr. Glasgow on one count of assault in the third degree against T.W on August 26, 2011, after hearing testimony from Officer Smith, T.W., and T.W.'s son.[10]  On December 1, 2011, after a four-day jury trial in Alaska Superior Court in Homer, Mr. Glasgow was convicted of third-degree assault.  On April 26, 2012, he was sentenced to 24 months with 22 months suspended.[11]  Mr. Glasgow alleges and has provided evidence demonstrating potential inaccuracies in Officer Smith's police report, grand jury testimony, and trial testimony.[12]

Mr. Glasgow initiated this action in Alaska District Court in Homer on March 16, 2012.  He filed an Amended Complaint under the Civil Rights Act, 42 U.S.C. § 1983, on April 2, 2012.

The Amended Complaint asserts three causes of action: (1) violation to his right to due process because of an unlawful search and arrest by Officer Smith; (2) violation of his rights to due process and a fair trial because of inaccuracies and inconsistencies in Officer Smith's police report and grand jury testimony regarding Mr. Glasgow's arrest; and (3) violations of his rights to due process and a fair trial because of a discrepancy

---

[8] Docket 24-5 at 1, 5.  The relevant elements of that crime are "recklessly . . . plac[ing] another person in fear of imminent serious physical injury by means of a dangerous instrument[.]"  AS § 11.41.220(a)(1).

[9] Two transcripts appear in the record.  Docket 24-4; Docket 29-3.

[10] Docket 24-7; Docket 24-8.  The prosecution withdrew another count of assault against T.W.'s son.  Docket 24-7 at 9.

[11] Docket 24-1 at 1 (Superior Court judgment).

[12] Docket 1-6 at 4-5; Docket 29-1 *and attachments thereto.*

3:12-cv-00081-SLG, *Glasgow v. Smith*
Order Granting Motion for Summary Judgment
Page 3 of 12
Case 3:12-cv-00081-SLG   Document 32   Filed 08/07/13   Page 3 of 12

between Officer Smith's police report and testimony at trial regarding the length of Mr. Glasgow's knife blade.[13]  The Amended Complaint seeks $1,400,000 in compensatory damages, punitive damages, an order requiring Officer Smith to "return my property, stop stalking me, stop persecuting me, stop lying, stop interfering with my bus[iness,]" and a declaration that "I am innocent and that I am permitted to use and carry knives to carve and make sculptures and things of hardwood and Ivory."[14]

Officer Smith removed the case to federal court on April 16, 2012.  Discovery closed on January 22, 2013.[15]  Officer Smith filed the present motion for summary judgment on March 21, 2013.[16]

## DISCUSSION

### I. Jurisdiction.

This court has subject matter jurisdiction over this action pursuant to 28 USC § 1331.

### II. Summary Judgment Standard.

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  When considering a motion for

---

[13] Docket 1-6 at 3-5.

[14] Docket 1-6 at 7.

[15] Docket 13.

[16] Docket 23.

3:12-cv-00081-SLG, *Glasgow v. Smith*
Order Granting Motion for Summary Judgment
Page 4 of 12
Case 3:12-cv-00081-SLG   Document 32   Filed 08/07/13   Page 4 of 12

summary judgment, a court must accept as true all evidence presented by the non-moving party, and draw "all justifiable inferences" in the non-moving party's favor.[17]

## III. Analysis.

### *A. Claims 2 and 3.*

Claims 2 and 3 assert that Mr. Glasgow was convicted on the basis of improper evidence. In *Heck v. Humphrey*, the United States Supreme Court addressed the limits on a federal court's ability to hear a § 1983 claim when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]"[18] The Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff *must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus*, 28 U.S.C. § 2254.[19]

Citing its "concerns for finality and consistency[,]" the Supreme Court explained that this requirement "precludes the possibility of the claimant [*sic*] succeeding in the tort action after having been convicted in the underlying criminal prosecution[.]"[20] Thus, a § 1983

---

[17] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).

[18] *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

[19] *Id.* at 486-87 (emphasis added).

[20] *Id.* at 484-85 (quoting 8 S. Speiser, C. Krause, & A. Gans, American Law of Torts § 28:5, p. 24 (1991)).

3:12-cv-00081-SLG, *Glasgow v. Smith*
Order Granting Motion for Summary Judgment
Page 5 of 12
Case 3:12-cv-00081-SLG   Document 32   Filed 08/07/13   Page 5 of 12

action is not an "appropriate vehicle[] for challenging the validity of outstanding criminal judgments[.]"[21]

Here, there is no genuine issue of fact regarding the continued effectiveness of Mr. Glasgow's conviction in Alaska state court. He has presented no evidence that the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal habeas corpus writ. And if the Court were to find for Mr. Glasgow on Claims 2 and 3, that determination would imply that Mr. Glasgow's conviction was invalid. The clear precedent of *Heck* therefore requires this Court, as a matter of law, to grant summary judgment to Officer Smith on Claims 2 and 3.[22]

### B. Claim 1.

Claim 1 asserts that Officer Smith arrested Mr. Glasgow "without any Investigation and without a Search warrant and NO Arrest Warrant" and that this "violate[d] my constitutionally protected civil right to due Process, by unlawfully searching and arresting me, on Aug. 20th of 2011."[23] As Officer Smith points out in his motion, although this claim is "styled as a due process violation," it is actually "an allegation of false/arrest/unlawful search under the Fourth Amendment."[24]

---

[21] *Id.* at 486.

[22] *Id.* at 487; *see also Cunningham v. Gates*, 312 F.3d 1148, 1153 (9th Cir. 2002) ("In evaluating whether claims are barred by *Heck*, an important touchstone is whether a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'") (citing *Heck*, 512 U.S. at 487 n.6). *Cf. U.S. v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000).

[23] Docket 1-6 at 3.

[24] Docket 24 at 9.

3:12-cv-00081-SLG, *Glasgow v. Smith*
Order Granting Motion for Summary Judgment
Page 6 of 12
Case 3:12-cv-00081-SLG   Document 32   Filed 08/07/13   Page 6 of 12

Under *Heck*, a plaintiff may assert claims for Fourth Amendment violations, even if the underlying conviction has not been invalidated, because such claims do "not *necessarily* imply that the plaintiff's conviction was unlawful."[25] However, to succeed on a Fourth Amendment claim in the absence of such invalidation, the plaintiff must demonstrate "some 'actual, compensable injury . . . which . . . does *not* encompass the "injury" of being convicted and imprisoned.'"[26]

The Amended Complaint alleges that Officer Smith took "2 knives that I use for carving, a passport, money, keeps and marbles without making out an Itemized receipt," and seeks an order requiring Officer Smith to "return my property[.]"[27] In his opposition, Mr. Glasgow again asserts that Officer Smith failed to give him a receipt for items taken from him after his arrest.[28] Although Mr. Glasgow has not specifically alleged or submitted evidence indicating that those items were not returned to him, the Court assumes—for purposes of this motion—that he has suffered the "actual, compensable" loss of the possessions listed above.

However, even with this assumption, Mr. Glasgow has not raised a genuine issue of fact sufficient to preclude summary judgment on Claim 1. AS 12.25.030(a) provides that a peace officer may arrest an individual without a warrant:

> (1) for a crime committed or attempted in the presence of the person making the arrest;

---

[25] *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (quoting *Heck*, 512 U.S. at 487 n.7) (emphasis in original).

[26] *Id.* at 585 (quoting *Heck*, 512 U.S. at 487 n.7) (emphasis in original).

[27] Docket 1-6 at 3.

[28] Docket 29-1 at 9.

3:12-cv-00081-SLG, *Glasgow v. Smith*
Order Granting Motion for Summary Judgment
Page 7 of 12
Case 3:12-cv-00081-SLG   Document 32   Filed 08/07/13   Page 7 of 12

> (2) when the person has committed a felony, although not in the presence of the person making the arrest;
>
> (3) when a felony has in fact been committed, and the person making the arrest has reasonable cause for believing the person to have committed it.

Officer Smith asserts that the warrantless arrest of Mr. Glasgow falls into subsection (3), as the statements of T.W. and his son indicated that a felony assault had taken place and provided reasonable cause, also known as probable cause, for believing Mr. Glasgow to have committed the assault.[29] Mr. Glasgow disputes this, asserting that "[t]he so-called probable cause on which Defendant based his arrest and search of Plaintiff . . . constituted solely of [T.W.'s] words."[30] He contends that

> If Defendant Stephen Smith's version of probable cause in this case holds, then a person who has violated a law (the leash law) can make up a story to exonerate himself (man got off bicycle, set kickstand, came after me), the investigating police officer can ignore evidence (bicycle has no kickstand), and arrest without a warrant the victim of the dangerous leash law violation.[31]

Thus, the substance of Mr. Glasgow's argument appears to be that (1) Officer Smith improperly relied on T.W.'s statements and (2) Officer Smith failed to observe that Mr. Glasgow's bicycle had no kickstand, in contradiction of T.W.'s statement, and that these defects precluded the existence of probable cause to support the arrest.

*(1) Reliance on T.W.'s statements.* "Probable cause arises when an officer has knowledge based on reasonably trustworthy information that the person arrested has

---

[29] Docket 24 at 10.

[30] Docket 29-1 at 4.

[31] Docket 29-1 at 5.

3:12-cv-00081-SLG, *Glasgow v. Smith*
Order Granting Motion for Summary Judgment
Page 8 of 12
Case 3:12-cv-00081-SLG   Document 32   Filed 08/07/13   Page 8 of 12

committed a criminal offense."[32] Mr. Glasgow asserts that T.W.'s statements were insufficient to support probable cause and expresses doubts about the trustworthiness of the information he provided to Officer Smith.[33]

Mr. Glasgow asserts that T.W. "admitted that he himself had violated the leash law; therefore he had a motive to accuse the victim of his poorly controlled dogs."[34] However, if T.W. had been concerned about being prosecuted for violating a leash law, it is unlikely he would have voluntarily contacted the police and self-reported his violation. Therefore, Mr. Glasgow's speculation as to T.W.'s "motive" does not create a genuine issue of fact regarding T.W.'s trustworthiness and Officer Smith's reliance on it. In addition, even if Mr. Glasgow had raised doubts as to T.W.'s trustworthiness, those doubts would be resolved by the fact that T.W.'s ten year-old son independently corroborated T.W.'s information with his own statement.

*(2) Failure to observe the lack of kickstand.* In their interviews at the police station, T.W. and his son stated to Officer Smith that during the encounter, Mr. Glasgow passed them on his bicycle, then dismounted and approached them.[35] T.W. did not mention the existence of a kickstand, even in the face of repeated questions asking if Mr. Glasgow had dismounted his bicycle.[36] However, T.W.'s son stated during his interview that Mr. Glasgow "turned around on his bike like blocking the path and then he

---

[32] *McSherry v. City of Long Beach*, 584 F.3d 1129, 1135 (9th Cir. 2009) (quoting *Gausvik v. Perez*, 345 F.3d 813, 818 (9th Cir.2003)).

[33] Docket 29-1 at 5.

[34] Docket 29-1 at 5.

[35] Docket 24-3 at 4-5, 8.

[36] Docket 24-3 at 4-5.

put his kick down—kick stand down and got off and he was like, 'oh, you want to go, oh, you want to go.'"[37]

Mr. Glasgow has submitted evidence that his bicycle has no kickstand, which the Court accepts as true for purposes of this motion.[38] Mr. Glasgow additionally asserts that his bicycle, a 150-pound Rattenborg tandem "heavily loaded with pannier bags and an oak-bucket full of hand-carved spoons," could not have stood by itself and would have crashed to the ground had he at any point let go of it and walked away.[39] The Court accepts this assertion as well for purposes of this motion.

However, even viewing the facts in the light most favorable to Mr. Glasgow, his assertion that Officer Smith's failure to notice an allegedly exculpatory fact—the lack of kickstand—before arresting Mr. Glasgow does not raise a genuine issue of fact as to the existence of probable cause. Officers making arrests are not required "to investigate independently every claim of innocence[.]"[40] "The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury."[41] And the United States Supreme Court has found an arrest to be lawful even where the officer arrested the wrong individual, who protested the misidentification during the arrest.[42]

---

[37] Docket 24-3 at 8.

[38] Docket 29-6 at 1 (Bremicker Aff.) ("After Michael Glasgow was arrested . . . he asked me to move his bicycle and belongings to his home. . . The bike was very awkward and difficult to move and does not have a kickstand.").

[39] Docket 29-1 at 4.

[40] *Baker v. McCollan*, 443 U.S. 137, 146 (1979).

[41] *Id.*

[42] *Id.*

3:12-cv-00081-SLG, *Glasgow v. Smith*
Order Granting Motion for Summary Judgment
Page 10 of 12

Case 3:12-cv-00081-SLG   Document 32   Filed 08/07/13   Page 10 of 12

Officer Smith based his probable cause determination on the statements of two witnesses who gave nearly identical accounts of their encounter with Mr. Glasgow and had no apparent motive, either evident at the time or subsequently revealed at trial, to misrepresent the facts. Mr. Glasgow has not presented evidence that indicates these statements were insufficiently trustworthy to support a probable cause determination.[43] Moreover, these witnesses were credible enough that a jury later convicted Mr. Glasgow on the basis of their testimony.

As Mr. Glasgow has not raised a genuine issue of fact regarding the lawfulness of his arrest, summary judgment will be granted to Officer Smith on Claim 1.

### C. Malicious Prosecution

The Amended Complaint could also be construed as asserting a claim for malicious prosecution. However, "an individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence."[44] Here, the record establishes that the prior proceedings terminated in Mr. Glasgow's conviction, not in his favor. Accordingly, any claim for malicious prosecution asserted in the Amended Complaint must be dismissed as a matter of law.

---

[43] Even if Mr. Glasgow had raised some degree of doubt as to T.W.'s trustworthiness, it would not constitute an issue of *material* fact, as the law allows officers some leeway when determining probable cause. *See McSherry v. City of Long Beach*, 584 F.3d 1129, 1135 (9th Cir. 2009) (quoting *Brinegar v. United States*, 338 U.S. 160, 176 (1949) ("Because many situations which confront officers in the course of executing their duties are more or less ambiguous, room must be allowed for some mistakes on their part.")).

[44] *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004) (citing, *inter alia*, *Heck*, 512 U.S. at 484-85).

3:12-cv-00081-SLG, *Glasgow v. Smith*
Order Granting Motion for Summary Judgment
Page 11 of 12
Case 3:12-cv-00081-SLG   Document 32   Filed 08/07/13   Page 11 of 12

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED. This action is DISMISSED. The Clerk of Court is directed to enter judgment for Defendant.

DATED at Anchorage, Alaska this 7th day of August, 2013.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

3:12-cv-00081-SLG, *Glasgow v. Smith*
Order Granting Motion for Summary Judgment
Page 12 of 12
Case 3:12-cv-00081-SLG   Document 32   Filed 08/07/13   Page 12 of 12